Rogers v. USA                    CV-97-300-SD  08/13/98

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Scott N. Rogers


        v.                              Civil No. 97-300-SD


United States of America



                            O R D E R


        On May 13, 1998, the court issued an order which denied

petitioner the relief which he sought pursuant to 28 U.S.C. §

2255.  Document 19.[1]  The matter is now before the court on

petitioner's alternative motion to alter or amend judgment under

Rule 59(e), Fed. R. Civ. P., or for partial relief from judgment

under Rule 60(b), Fed. R. Civ. P.  Document 21.  The government

objects.  Document 22.

        The motion must be denied.  Even had the court previously

ruled upon and granted plaintiff's motion to amend (document 16)

his original section 2255 petition, it would still lack

jurisdiction to rule favorably on the amended petition.

_____

        [1]The court found that it lacked jurisdiction due to the one-
year statute of limitations which had been added to 28 U.S.C. §
2255 by reason of the provisions of the Anti-Terrorism and
Effective Death Penalty Act of 1996.

As the government correctly points out, even if amended, the section 2255 petition seeks a reduction in sentence. As the First Circuit has recently pointed out,

> A lawful sentence, lawfully imposed, becomes final when judgment is entered; and Fed. R. Crim. P. 35 was deliberately amended to restrict the opportunity for a district judge to revisit thereafter a lawful sentence lawfully imposed. See 3 Wright, Federal Practice and Procedure §§ 585.1, 515.2, 586-87 (1998 Supp.). The occasions on which such a sentence may be later reduced are narrowly defined and irrelevant here.

United States of America v. Aqua-Leisure Indus., Inc., No. 98-1120, slip op. at 3-4 (1st Cir. Aug. 10, 1998) (footnote omitted).[2]

The motion is accordingly herewith denied.

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

August 13, 1998

cc:  Gordon R. Blakeney, Jr., Esq.
     Peter E. Papps, Esq.

---

[2]The omitted footnote is footnote 1 in the slip opinion and reads as follows: "E.g., Fed. R. Crim. P. 35(b) (substantial assistance); 18 U.S.C. § 3573 (fine reduction on motion by the government); 18 U.S.C. § 3582 (imprisonment reduction on motion of the Bureau of Prisons or because of retroactive change in guidelines)."